UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CINDY TOOHEY | ) | CASE NO. 04-10846 |
| | ) | |
| Debtor | ) | |

**MEMORANDUM-OPINION-ORDER**

This matter is before the Court on the Application for Compensation for Counsel of the Trustee, Jerry A. Burns ("Burns"). Burns seeks a fee of $1,478.34 for 3.30 hours of work performed in an action to avoid a preferential transfer. Burns' Application for Employment sought approval of his employment on the basis of a one-third contingency fee on all funds recovered in the action. The Application specifically provided, "Jerry A. Burns is aware of the provisions of 11 U.S.C. §328 and has agreed, notwithstanding the conditions and terms of employment set forth herein, that the Court may allow compensation different from the compensation provided herein as such terms and conditions prove to have been improvident in light of developments unanticipated at the time of the fixing of said terms and conditions." The Order approving Burns' employment provides that Burns' compensation will be "one-third of the amount recovered plus reimbursement of out-of-pocket expenses and costs, or as otherwise may be allowed by the Court upon proper application thereof."

In the recent Sixth Circuit Opinion, In re Airspect, Inc., 38 F.3d 915 (6th Cir. 2004), the court held that whether a court "pre-approves" a contingency fee arrangement under §328 should be judged by the totality of the circumstances, with reference to both the application and the bankruptcy court's order. Id., 38 F.3d at 922. Other factors may include whether the motion specifically

requested pre-approval, whether the order assessed the reasonableness of the fee and whether either the order or the motion expressly invoke §328.  <u>Id.</u>

In the case at bar, Burns' Application specifically referenced §328, but the Order approving his Application specifically referenced a contingency fee arrangement "or as otherwise may be allowed by the Court upon proper application thereof."  Under these circumstances, the Court finds that it did not "pre-approve" the contingency arrangement under §328.  Therefore, the Court will review the fee application pursuant to the factors of 11 U.S.C. §330.

The Statement of Services filed with the Application shows a total of 3.30 hours of work consisting primarily of the drafting and filing of a routine complaint to avoid a preferential transfer and a motion and affidavit in support of a default judgment.  This resulted in payment of the amount requested by the Trustee.  Considering the amount of work performed in light of the factors set forth in 11 U.S.C. §330, the Court finds a reasonable fee to be $175.00 per hour for 3.30 hours of work for a total compensation award of $577.50.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED**, that the Application for Allowance of Compensation to Jerry A. Burns is approved in the amount of $577.50.  Said payment is allowed and payable as compensation and expenses pursuant to 11 U.S.C. §503(b) of the Bankruptcy Code.